## WHITING VALENTINE *v.* EDWARD R. CHRISTIE.

The omission in the body of a bond, of the name of one who signs it as a surety, is immaterial.

Bail are not entitled to notice of a *fieri facias*, or *capias ad satisfaciendum*, issued against their principal.

Where two persons have signed a joint and several bond as sureties, either may be proceeded against without the other.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. The bail bond in this case was joint and several, and was signed by the defendant, and Solomon High and James Mooney, as his securities. High's name was not mentioned in the body of the bond.

*Micou,* for the plaintiff. No counsel appeared for the appellant.

MARTIN, J. Solomon High is appellant from a judgment against him as bail of the defendant, who left the state before the judgment obtained against him could be notified. The court appointed High, his curator, to receive notice of the judgment. It was accordingly served on him. A *fieri facias* issued, which was returned *nulla bona,* and was followed by *capias ad satisfaciendum* which was returned *'non est inventus;'* and the usual process was commenced against the appellant. His counsel has complained of the irregularity of the proceeding, as the bail was not bound to accept the curatorship of the principal. The record shows that the curatorship was not repudiated, and that the service was made on him without his objecting thereto. It has been further objected that the appellant's name was not inserted in the body of the bail bond ; that the execution was not served on him, and that he was not notified of the *capias ;* and that his co-surety in the bail bond

is not a party to these proceedings. Our attention has been arrested by a bill of exceptions to the opinion of the court, overruling the bail's opposition to the case being immediately tried, and requiring it to be set down for a future day, according to the Code of Prac., art. 756, and to the rules of the Parish Court. This article provides that 'the cases, which are to be decided in a summary manner, shall not be set down on the ordinary docket of suits, but are decided on days fixed for the purpose, and in a speedy manner, conformably to such special rules as each court may establish on this subject.' It does not appear to us that the court erred. It is admitted that the case was a summary one, and as we have not been furnished with the rules of the Parish Court, regulating the trial of such cases, we are unable to say that they were violated. On the merits, the court correctly gave a judgment for the plaintiff. The appellant placed his name between that of the defendant and that of the other surety in the bail bond. The bail is not entitled to any notice of the *fieri facias* or *capias* against his principal, and either of them may be proceeded against without his co-surety.

*Judgment affirmed.*