## STATE *v.* McKEOWN.

It is not a sufficient reason to dismiss an appeal, " that the appeal was asked and granted, and the appeal bond given and approved before the judgment was signed, and at a time when there was no legal judgment thereon," for it is usual in the country to apply for an appeal before the judgment is signed. The appeal is considered as taken *nunc pro tunc.*

The insertion of the name of the former instead of the present executive, as the obligee of a bail bond, will be regarded as a mistake, and will not vitiate the bond.

Where the Sheriff takes an illegal bail bond, he may abandon it and take another bond.

It cannot be objected to the validity of an appearance bond, that it was taken without authority, where it appears that the Sheriff accepted the bond, and that he was authorized to take and approve it by the court.

APPEAL from the District Court of Bossier, *Drew*, J.

J. D. *Watkins*, District Attorney, for the State. *B. L. Hodge*, for defendant.

COLE, J. This appeal is taken by *McKeown*, as principal, and *Vance & Spyker*, as his securities, from a judgment against them *in solido*, for five thousand dollars, the amount of a bail bond given by said principal for his appearance to stand his trial on an indictment for manslaughter, before the District Court in the parish of Bossier.

The District Attorney has moved to dismiss the appeal on the ground, "that the appeal was asked and granted, and the appeal bond given and approved before the judgment was signed, and at a time there was no legal judgment thereon."

We are of opinion, that this motion ought not to prevail. It is usual in the country to apply for an appeal before the judgment is signed. The appeal is considered as being taken *nunc pro tunc.*

The first ground on which appellants rely for a reversal of the judgment, is the refusal of the lower court to permit them to prove the allegations of their answer, filed on the 4th of March, 1857, for the reason, that the matter therein contained had been previously adjudicated by the court between the parties in the motion of defendant filed on the 3d of December, 1856.

The lower court appears to have considered the motion of December 3d, as an answer. It is in these words:

STATE
*v.*
McKEOWN.

" And now comes the defendant by his attorney, and moves the court to set aside the bond in this case, because the instrument purporting to be the bond of defendant on file in this case, dated 5th September, 1856, is made payable to *Paul O. Hébert*, and not the proper authority representing the State of Louisiana."

" Wherefore he prays, that said bond be set aside and cancelled, and for general relief," &c.

The following order of court appears on the minutes of the court:

" Motion to set aside bond, tried and overruled, and bond sustained."

The lower court was of opinion, that the objections to the bond in the second, or amended answer, had been substantially considered on the first motion ; and refused to enter again into a consideration of its invalidity. An examination of the reasons alleged in the second answer, induces the belief that the Judge *a quo* did not err; besides, it is probable, that the additional reasons urged, had been verbally passed on the trial of the first motion. But, even supposing that the second motion ought to have been examined by the lower court, we can find nothing therein, which would justify a reversal of the judgment.

The first objection in the second motion to the bond is :

" Because the instrument purporting to be the bond, is not made payable to any person, who at the time was acting as Governor of the State of Louisiana, nor is it payable to the Governor of the State of Louisiana, but simply to an individual."

The insertion of " *Paul O. Hébert*" instead of " *R. C. Wickliffe*," is a mere clerical error of the Sheriff, who used probably a blank bond printed while *Hébert* was Governor, and omitted to change the name.

The bond clearly shows that it is payable to the Governor of the State of Louisiana ; a mere mistake in the name of the acting executive cannot vitiate it.

The second objection is :

" Because the defendant, *Charles S. McKeown*, was already under arrest for the same offence charged, and the Sheriff had no right to make a second arrest, or take a second bond."

Appellant does not aver whether the bond sued on is the first or second one. But supposing the Sheriff had taken a bond which was illegal, he had the right to abandon the first and to execute a second one ; because his duty was to accept none but a legal bond, and the first being void from its illegality, must be considered as not having been taken.

The third objection is :

" That the said instrument is generally defective and invalid in law, being taken without authority, and being made payable to improper parties."

The last clause of this point is embodied in the first objection. The answer to the first part is found in the following order of court granted after the presentation of the indictment:

" Whereupon, it is ordered by the court, that process issue thereon immediately, and that the appearance bond of the defendant be fixed at the sum of $5,000, and that the Sheriff of the parish of Bossier, or any of his deputies, be authorized to take and approve the bail bond of the defendant in this cause."

The Sheriff of Bossier afterwards arrested *McKeown*, and he accepted the bond now sued on.

The bond was then taken by the Sheriff, who was authorized by the court to receive it, and the third objection is without force.

The last point is :

"Defendants deny generally any indebtedness to the State of Louisiana."

This is too general in its character, and besides is contradicted by the premises.

The District Judge considered that nothing was averred in the second answer, which had not been substantially disposed of in the first, and we think he did not err.

Even, then, if defendants ought to have been heard on their second motion in the lower court, as we consider there is nothing therein which could cause a reversal of the judgment, it would be unnecessary to remand the cause.

It is also objected, that the lower court erred in giving judgment for the State, because there was no evidence offered to justify the judgment.

The evidence in the record conjoined with the bill of exceptions and answer of defendant were sufficient to justify the judgment on the bond. The judicial averments of defendants, showed that the bond had been executed; and it is evident from the judgment and other parts of the records, that the bond was in evidence and before the court when the judgment was rendered.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the lower court be affirmed, with costs.