THE STATE *v.* EDWARD H. ANSLEY—PATRICK HARNAN, security, appellant.

When a court orders a bond to be taken for the appearance of a party accused of crime, it is no objection to the bond that it was taken by a person not duly authorized by the court (in the order) to take the bond—when it appears that it was taken by the Sheriff or his deputies.

When a party enters into the obligation of suretyship for the appearance of a person charged with crime, he incurs a civil obligation which, like all others, is to be considered in reference to the substance of things.

It is not an idle form ; it means something. Inasmuch as the accused was in the custody of the Sheriff or his deputies, it was fairly intended that the Sheriff and his deputies (no other person being mentioned) were intended as the proper persons to take the bond ; and neither the accused nor his sureties who had, by their act, put this construction upon the order of the court for the bond and secured the discharge of the accused upon this construction, can be permitted to gainsay this conclusion upon which they acted.

A blank in a bond, remaining unfilled, does not materially change the character of the bond. The accused could not fail to know that it was for his appearance at the next term of the District Court, and from day to day and term to term until the prosecution should be ended or he should be discharged.

The technical objection that the crime alleged in the indictment is not properly described in the bond, will not avail ; for the general condition that the accused should not depart without leave of the court, having been violated, he and his sureties are equally bound.

APPEAL from the First District Court of New Orleans, *Robertson*, J.
*E. W. Moïse*, Attorney General, for the State. *T. W. Collens* and *Wooldridge*, for defendant and appellant.

MERRICK, C. J. This is an appeal from a judgment against *Harnan* as one of the sureties on the appearance bond of *Ansley*, charged with uttering and publishing a forged order for money upon the Canal Bank.

*Ansley*, being in custody in the parish prison, took a rule upon the District Attorney to show cause why he should not be admitted to bail, and thereupon he obtained the following order :

" *State* v. *E. H. Ansley.*—Uttering and publishing a false and forged order for the payment of money. It is ordered by the court that *Edward H. Ansley*, accused as above, of uttering and publishing a false and forged order for the payment of money, be admitted to bail in the sum of five thousand dollars, with two good and solvent sureties, conditioned as the law directs."

The two sureties subscribed a bond, each in the sum of two thousand five hundred dollars, before *T. L. Fabre*, the deputy sheriff, attested by the clerk of the parish prison.

The condition of the bond was for the appearance of the accused when notified ........ 185.., or if the court shall not be held on the day last aforesaid, then on the first day afterwards the said court shall be held, then and there to answer the complaint brought against him for forgery, and not depart thence without leave of said court, and to keep the peace in the meantime.

Notice issued to the accused, but was returned not served, because the accused had left the city.

1. It is objected that the bond was not taken by a person duly authorised by the court to take the bond, and was, therefore, void. In support of this position the case of the *State* v. *Hobson*, 10 An. 551, and *State* v. *Clandennen*, 6 An. 744, are cited. In these cases it is intimated that the judge, in making the order for the admission of the accused to bail, ought to fix the amount of the bond and

deputize a person to receive and approve it. The point now made did not direct-ly come up for decision in either of those cases; as in the one case there was no order at all to admit to bail, and in the other there was only a general order as to all cases of a particular grade. In neither of those cases was it the intention of the court to decide the present point, but only to indicate the regular mode of proceeding. We are of the opinion that where a party enters into the obligation of suretyship for the appearance of a person charged with crime, he incurs a civil obligation which, like all others, is to be considered in reference to the substance of things. It is not an idle form; it means something. Now what does the dis-trict judge intend by his order? What did the parties intend when they complied or attempted to comply with the same, and what obligation did they thereby incur?

We think inasmuch as the accused was in the custody of the Sheriff or his deputies, it may fairly be intended that the Sheriff and his deputies (no other per-son being mentioned) were intended as the proper persons to take the bond, and that neither the accused nor his sureties, who have put this construction upon the order of the court for the bond and have secured his discharge upon this construc-tion, can now be permitted to gainsay this conclusion upon which they have acted.

2d. It is said that the condition of the bond is insufficient, and that it does not embrace what is required by sec. 35, p. 165, Rev. Statutes.

We think the condition mentioned in the bond sufficient. 1 Chitty Crim. Law, p. 103. The accused could not fail to know that it was for his appearance at the next term of the District Court, and from day to day and term to term until the prosecution should be ended, or he should be discharged. 8 An. 79. The blank in the bond remaining unfilled did not materially change the character of the bond.

3d. It is again urged that the accused was indicted for uttering and publish-ing as true a certain false forged and counterfeit order for the payment of money, and in the bond he binds himself to appear and answer a charge of *forgery.* Now, as there was no charge of forgery, technically speaking, pending against him, it is contended there could be no forfeiture of the bond.

The uttering of forged paper is prohibited in the same section of the statute as that of forgery, and is treated in writers on criminal law under the generic head of forgery. Now the term used either embraces the offence charged in the indict-ment or it does not. If it does, there can be no ground for the defendant's ob-jection. If it does not, still the condition was also that the accused should not depart without leave of the court, and having violated this condition of the bond he and his sureties are equally bound. *State* v. *Ridding*, 8 An. 79.

Actual notice to the accused to appear, under a bond in this form, was not necessary, as by his own act it had become impossible. As has already been shown, a sufficient cause for the taking of the bond appears from the bond itself as well as the entry on the minutes.

Judgment affirmed.

SPOFFORD, J., took no part in this judgment.