### No. 220.

THE STATE OF LOUISIANA VS. JAMES HENDRICKS AND D. M. JAMESON, SURETY.

A defendant who files a special plea is to be judged on that plea and none other. All else is admitted.

Hence, a surety who denies his signature to a bail bond, which is an act under private signature, on a proceeding to forfeit the same, the accused not appearing when called is barred from all other defences, the signature once proved.

The principle applies whether the proceeding, which is intrinsically civil, be considered as civil or criminal in form.

The consent of an accused, when arrested to correct a misnomer in the affidavit and in the warrant, will debar his surety on an appearance bond of the right of urging that the name of the principal in the bond is different from the name in the affidavit.

The surety on an appearance bond furnished when the accused was in custody, and by which he was released is estopped from subsequently alleging irregularities or other defects of form in the confection of the bond.

State vs. Hendricks.

APPEAL from the Fourth District Court, Parish of Jackson. *Bridger*, J.

*J. Henry Shepherd*, District Attorney, for the State, Appellant:

1. Justices of the peace shall have power to bail or discharge in criminal cases not capital or necessarily punishable at hard labor. Const. 1879, Art. 126: "Whoever shall be guilty of larceny shall be imprisoned at hard labor, or otherwise, not exceeding two years." Sec. 812, R. S.

2. The binding force of a recognizance does not depend upon the fact that the court before which the accused is required to appear has jurisdiction of the offence charged, but upon the duty and power of the magistrate to examine and admit the accused to bail. Waterman's Criminal Digest, page 68, Sec. 92.

3. A bond proves itself, and the law under which it was taken fixes the nature of a liability of the sureties toward the State, 7 Ann. 541, State vs. Lewis.

4. It is not sacramental that a written order should issue to the sheriff by a magistrate for the sheriff to take bail. State vs. Wyatt et al., 6 Ann. 701.

5. Where an accused is in custody of the sheriff, and by the execution of the bond the surety obtains his release, he is estopped from gainsaying the regularity of the bond or the regularity of the proceeding in which it is allowed. 13 Ann. 299; 14 Ann. 783; 16 Ann. 141; State vs. Nicol, 30 Ann. 630.

*E. E. Kidd* and *F. W. Price* for Defendant and Appellee:

1. The bond furnished by the accused after preliminary examination, was required to secure his appearance at the next District Court. R. S. 1010, Sec. 4. Any insertion in the bond for any further or different appearance was unauthorized and may be considered as unwritten. On the appearance of the accused at first term of the District Court, after he was permitted to give bond, the obligation was cancelled and the sureties discharged. 34 Ann. 62, Sec. 3.

2. The judgment of forfeiture cannot stand. The bond was given apparently without authority. It states on its face that it is given to answer a charge of murder, and bears date of the time of arrest, January, 1882. The bond that was ordered to be given at the March term of 1882, when the information for assault with the intent to murder was filed, was never given. It is not the bond that was required by the court. It antedates the time of filing the information and order permitting and prescribing the bond. 37 Ann. 202, State vs. Williams.

3. Where the record does not show that at the term of court for which defendant was bound to appear, an entry was made on the minutes of the court for the continuance of all causes not disposed of, the sureties on a bail bond will not be liable on default taken for failure to produce the body of defendant at a subsequent term of the court. 6 R. 417.

4. Where judgment has been rendered against one who had executed a bond to appear and answer a criminal charge against his surety, but it does not appear from the judgment, or any part of the record, that the accused was called upon his bond to answer the charge preferred in said bond, and no stipulation contained in said bond required defendant to answer any charge made by a grand jury, any judgment rendered against the sureties for failure to answer to an indictment preferred by a grand jury subsequently should be set aside.

5. The order (of the judge) should be framed as to leave nothing to inference or conjecture, and it should be entered of record in terms sufficiently definite to identify the offence and the offender. 10 Ann. 550.

6. The sheriff is without power to take a bail bond, unless authorized to do so by an order

State vs. Hendricks.

of the court admitting the prisoner to bail and fixing the amount of the bail required, 6 Ann. 700 ; 6 Ann. 744 ; 12 Ann. 324 and 349 ; 10 Ann. 532 ; 13 Ann. 285; 37 Ann. 200 ; 38 Ann. 545.

7. An order of the court committing the prisoner, fixing the amount of the bond and authorizing the sheriff to take and approve a bond must be in writing. 6 Ann. 700 and 701.

8. Parol evidence of an order without suggestion of its loss or destruction is entirely opposed to the rules of evidence. To supply or alter the record by parol proof afte they were made up, read and approved, would be most dangerous. 6 Ann. 800.

9. The magistrate should have named and approved the security, and given a written order to the sheriff to discharge the prisoner on his executing the bond. But if he approves the bond after it is taken it is sufficient to bind the surety. 6 Ann. 701, State vs. Wyatt & Nicholls.

10. A bill of exceptions that neither states the objection nor reason of the court will not be noticed by the court.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The State appeals from a judgment of the District Court annulling a previously rendered one, forfeiting the bond of the accused and condemning the surety therein to pay the amount thereof, the former failing to appear at the term when he was called to do so, the latter failing to produce then and there his body.

It appears that Hendricks was arrested by a justice of the peace on the charge of larceny, and was released on a bond for $300, with D. M. Jameson as surety therein, conditioned, substantially, that if the above bounden Hendricks shall appear at the jury term of the District Court, at the town of Vernon, Jackson parish, commencing on the first Monday of February, 1888, to answer the charge of larceny, and shall there remain from day to day and term to term, and shall not depart thence without leave of court, the obligation to be null and void, otherwise, to remain in force.

It further appears that a true bill was found against said Hendricks on February 11, 1888, and that a bench warrant was issued for his arrest, which took place on August 18 following, he having failed to appear on August 14 preceding, when the bond furnished by him was forfeited and the surety, Jameson, condemned to pay the amount thereof.

On the day following that of the forfeiture, Jameson took a rule to rescind the judgment *nisi* on the sole ground that *he had never signed the bond,* which rule was discharged by the court.

Subsequently, the surety took another rule, averring other grounds for which the judgment of forfeiture should be annulled. This rule was treated as an answer, putting at issue the right of the State to demand the forfeiture.

After hearing, the District Court annulled the judgment of forfeiture and released the defendant as surety.

From this judgment the State appeals.

It is manifest that the proceedings below were palpably irregular and unwarranted.

After the judgment of forfeiture had been rendered, instead of asking that it be set aside and the matter reinstated as a motion by the State for the forfeiture, the surety made a solitary defence, as though he had been called upon to answer a rule to forfeit, and that defence was that he had never signed the bond in question. The issue then was tried by the court and determined adversely to the surety.

Now, instead of applying for a new trial, the surety took a rule, setting forth technical grounds, tending to affect the regularity of the bond and of the proceedings under which it was furnished, and the State, instead of objecting to this mode of proceeding, prayed that the rule be treated as an answer.

We deem it unnecessary to pass upon any of such grounds, for the reason that it is a well established principle of law, which has never been deviated from, that one who files a special plea is to be judged on that plea and none other. All else is admitted; and this, apart from the consideration that it may perhaps be claimed as settled, that a surety who, upon the execution of a bond, obtained the release of an accused in actual custody, is estopped from gainsaying the regularity either of the bond or of the proceeding under which it was allowed.

The principle applies whether the proceeding be considered civil or criminal.

Intrinsically, the proceeding may be viewed as civil in character. It is based on a contract under private signature, on which a money judgment can be rendered, which may be executed on the issuance of a *fi. fa.* It is not a proceeding for the recovery of a fine inflicted for the commission of an offence.

In so saying, we do not lose sight of the fact that it has been treated as a criminal proceeding, in order to determine questions of jurisdiction in cases of appeals from judgment of forfeiture of bail bonds.

The rules laid down in the Code of Practice on the subject of suits and obligations, or acts under private signature, are in consonance with the above announced principle, and may serve as safe guides in the determination of the matter now under consideration.

That Code provides that when the demand is founded on an obligation, or an act under private signature, alleged to have been signed

State vs. Hendricks

by the defendant, he shall be bound, in his answer, to acknowledge or deny his signature, C. P. 324; also, R. C. C. 2244; and that, if his signature has been proved, he shall be barred from any other defence, and judgment shall be rendered against him without further proceeding. C. P. 326. See, also, Burbanks' case, 9 Ann. 528; Commercial Bank, 24 Ann. 362; 22 Ann. 439; 12 L. 11; 8 U. S. 329, and 1 Ann. 325.

Now, the signature of the surety, after the denial thereof, was fully proved below, so much so that he does not complain, on this appeal, to the contrary.

It is, therefore, ordered that the judgment appealed from be reversed, and it is now ordered and decreed that the rule of Jameson, the surety, to rescind the judgment declaring his bond herein forfeited, be discharged; that said last judgment remain undisturbed, and that, accordingly, the State of Louisiana recover of the defendant, D. M. Jameson, the sum of three hundred dollars, with legal interest, from the date of forfeiture, August 14, 1888, per annum, and costs in both courts.

## ON APPLICATION FOR REHEARING.

POCHÉ, J.   Counsel for the surety complain that, in construing their rule to set aside the judgment *nisi*, forfeiting the appearance bond furnished by the accused, this Court entirely misunderstood the true meaning and purport of their pleadings, and they disclaim any intention on the part of the surety to thereby deny his signature to the bond which he had signed, his only purpose being to deny any liability on the bond which the court was proceeding to forfeit, for reasons therein set forth.

The language of the rule is very vague and quite inartistic, rendering a proper construction of the same an embarrassing problem. We are, therefore, disposed to accept the construction given to the document by the counsel themselves, and we shall now consider the merits of the points presented in their application for a rehearing, as well as the contention argued in the original brief.

1. Their first point rests on the contention that the forfeiture of the bond was predicated on an indictment, and not on the original bond, and on the denial of the existence of any charge in any court against said Hendricks, and for whose appearance the mover was bound. The bond executed by the surety was conditioned to secure the appearance

of Hendricks, the principal, at the next jury term of the court, " and there remain from day to day and term to term," etc.

This language certainly contemplated his appearance after an indictment had been found against him, or otherwise the whole proceeding would have been worse than a judicial farce. And his failure to appear when called to answer to the indictment was a breach of the essential condition of the bond, for which a forfeiture was legally warranted. The denial of the existence of any charge against Hendricks is presumably intended to refer to the fact that the affidavit before the magistrate was directed against " *James Henry*," and not *James Hendricks*, showing nothing more than a misnomer, which could be corrected with the consent of the accused, and that consent is proved by the execution of the bond by both principal and surety, with special reference to the charge as originally made against James Henry. Hence, they are now both estopped from taking any advantage from the misnomer as above stated. The bond before the Court had been executed by *James Hendricks*, the indictment found by the grand jury was against *James Hendricks*, and the forfeiture flowed from the non-appearance of *James Hendricks*, and as he bound himself, so will the surety be bound.

2. In view of the condition of the bond, as above quoted, the objection that it was not forfeited at the term at which the accused was bound to answer, but at a subsequent term, is too trivial for consideration.

3. It is also contended that the bond was not ordered or accepted by the justice of the peace, and that the sheriff accepted the bond without a written order from the magistrate. The minutes of the justice of the peace court show that the bond was ordered and the amount thereof fixed by the magistrate. And his testimony and that of the sheriff both show that the latter was authorized by the justice of the peace to accept the bond. A verbal order to that effect was sufficient, and no authority can be invoked to show that a written order would be necessary to legalize such a bond. But as several of these objections involve only alleged irregularities, the surety is estopped from urging them by the fact, as shown by the sheriff's returns and also by the minutes of the magistrate's court, that the accused was in actual custody when the bond was executed, and that he was thereby released. Having reaped the advantages and realized the object of the bond, the parties cannot be allowed to avoid its effect or be heard to gainsay the regularity of the proceeding. State vs. Mosley, 13 Ann.

299 : State vs. Badon, 14 Ann. 783; State vs. Canady, 16 Ann. 141; State vs. Nicol, 30 Ann. 628.

We, hence, conclude that the objections which go to the substance of the bond are not sustained by the record, and that the complaints touching alleged irregularities are met by an effective estoppel.

These considerations lead us to the same judgment heretofore rendered by us.

It is, therefore, ordered that our previous decree remain undisturbed. Rehearing refused.