(110 So. 480)

No. 28218.

STATE v. COTTON.

In re MORAN.

(Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Courts** ⊜⇒204.

Supreme Court's supervisory jurisdiction cannot be invoked when there is other adequate remedy, whether by appeal to Supreme Court or some other court.

2. **Courts** ⊜⇒224(2)—Nature of offense charged or sentence imposed determines right to appeal to Supreme Court from judgment forfeiting appearance bond.

Proceeding to forfeit appearance bond is deemed a criminal proceeding, and nature of offense charged determines right to appeal to Supreme Court from judgment of forfeiture, or, where dependent on severity of sentence imposed, rather than whether offense is punishable with death or hard labor, sentence imposed at time of forfeiture, not amount of bond forfeited, determines right to appeal.

3. **Courts** ⊜⇒224(2).

Under Const. art. 7, § 10, and Act No. 43 of 1906, Supreme Court has no jurisdiction of appeal from judgment forfeiting bond to appear for sentence after conviction of carrying a concealed weapon.

4. **Certiorari** ⊜⇒5(1) — **Prohibition** ⊜⇒3(4) — Surety on forfeited bond to appear for sentence has adequate remedy by appeal to judges of Criminal District Court, and cannot invoke Supreme Court's supervisory jurisdiction by certiorari or prohibition (Const. art. 7, § 83).

Under Const. art. 7, § 83, surety on forfeited bond to appear for sentence after conviction of carrying concealed weapon has adequate remedy by appeal to two or more judges of Criminal District Court, and hence cannot invoke Supreme Court's supervisory jurisdiction by writs of certiorari and prohibition.

5. **Certiorari** ⊜⇒5(1)—**Prohibition** ⊜⇒3(4).

One having adequate remedy by appeal, though to court of inferior jurisdiction, cannot invoke Supreme Court's supervisory jurisdiction by writs of certiorari and prohibition.

Application by Thomas G. Moran for writs of certiorari and prohibition, directed to Frank T. Echezabel, Judge of the Criminal District Court, section D, parish of Orleans, to review the validity of the proceedings leading to and prohibit the execution of a judgment forfeiting the bond of Riley Cotton to appear for sentence after conviction of carrying a concealed weapon. Application dismissed, and writs recalled.

Edward M. Robbert, of New Orleans, for relator.

Percy Saint, Atty. Gen., Henry Mooney, Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans, for the State.

OVERTON, J. Riley Cotton was charged in the criminal district court for the parish of Orleans with the offense of carrying on or about his person a concealed weapon. The relator, Thomas G. Moran, signed Cotton's appearance bond as surety. Cotton was tried on March 31, 1926, and found guilty. The passing of sentence was deferred to April 7, 1926, and on that date, on motion of relator, who was of counsel for Cotton, the imposing of sentence was deferred until April 14, 1926. On April 14th, Cotton failed to appear for sentence, and his bond was forfeited. Relator made an effort to have the forfeiture set aside in the lower court, and, failing in that respect, applied to this court for a writ of certiorari to have reviewed the validity of the proceedings had leading to the judgment of forfeiture, and to test the constitutionality of the act under which the bond was declared forfeited, and also for a writ of prohibition to prohibit the execution

STATE v. COTTON

of the judgment of forfeiture. The trial judge, made respondent herein, has moved to dismiss the application on the ground that relator has no right to invoke the supervisory jurisdiction of this court, since his remedy was by appeal to the appellate division of the criminal district court for the parish of Orleans.

[1] The rule is that the supervisory jurisdiction of this court cannot be invoked when there is other adequate remedy, whether such remedy be by appeal to this or to some other court. Marr's Criminal Jurisprudence (2d Ed.) § 771, p. 1194, and authorities there cited.

[2] For the purpose of determining jurisdiction with reference to the forfeiture of an appearance bond, in a criminal case, the proceeding to forfeit is deemed a criminal proceeding, and it is the nature of the offense charged against the accused that is determinative of the right to appeal to this court from the judgment of forfeiture, or, in those cases where the right of the accused to appeal is not dependent on the nature of the offense charged against him—that is, on whether the offense is punishable with death or hard labor—but on the severity of the sentence actually imposed, it is the sentence so imposed at the time of the forfeiture that is determinative of the right to appeal to this court from the judgment of forfeiture, and not the amount of the bond that was forfeited. Marr's Criminal Jurisprudence (2d Ed.) § 298, p. 447; State v. Balize, 38 La. Ann. 542; State v. Hendricks, 40 La. Ann. 719, 5 So. 24, 177; State v. Williamson, 135 La. 662, 65 So. 877; State v. Williams, 37 La. Ann. 200; State v. Burns, 38 La. Ann. 363; State v. Cornig, 42 La. Ann. 416, 7 So. 698; State v. Toups, 44 La. Ann. 896, 11 So. 524; State v. Cox, 114 La. 567, 38 So. 456; State v. Dykes, 126 La. 139, 52 So. 245.

[3] The appellate jurisdiction of this court attaches in criminal cases where the offense charged is punishable with death or imprisonment at hard labor, or where a fine exceeding $300, or imprisonment. exceeding six months, is actually imposed. Constitution, § 10, art. 7. The offense of carrying a weapon concealed, charged against the accused, is punishable only by fine or imprisonment. Act 43 of 1906. It is therefore clear that, so far as relates to this court, it has no appellate jurisdiction as relates to the offense charged against the accused by reason of the nature or grade of the offense, and hence none by such reason as relates to the forfeiture of the bond, and, as relates to the sentence actually imposed on the accused, it is obvious that this court has no jurisdiction on that ground, because no sentence has been imposed.

[4] However, the Constitution provides that in all cases tried before one of the judges of the criminal district court, not appealable to this court, an appeal shall lie on questions of law and fact to two or more judges of the criminal district court, as may be prescribed by that court. Const. § 83, art. 7. It is the nature of the offense charged or the penalty actually imposed, that is determinative of jurisdiction over a bond forfeiture in the appellate division of the criminal district court as it is in this court. Hence, as appellate jurisdiction over the offense controls and is determinative of appellate jurisdiction over the forfeiture, and as this court has no appellate jurisdiction in the matter, it seems clear that relator had, under the section of the Constitution cited, an adequate remedy by appeal to two or more judges of the criminal district court, and, as he had such remedy, it is equally clear, under the authorities cited, that the application for writs of certiorari and prohibition must be dismissed.

[5] Where one has an adequate remedy by appeal, although to a court inferior in jurisdiction to this court, he cannot ignore the

remedy thus provided for him and invoke the supervisory jurisdiction of this court to correct the errors complained of, but must avail himself of the remedy provided for him—that is, of the remedy by appeal.

Accordingly, relator's application is dismissed, and the said writs are recalled, relator to pay the costs of this application.