McCALEB, Justice.
 

 Carolina Casualty Insurance Company, surety on the appearance bond furnished by the defendant in these proceedings, prosecutes this appeal from a judgment overruling its motion to set aside the forfeiture of the bond for failure of defendant to appear when called for sentence. The record shows that defendant was charged in a bill of information with driving a motor vehicle while under the influence of intoxicating liquor and with operating the vehicle
 
 *30
 
 in a criminally reckless manner. After pleading not guilty, he withdrew the plea and pleaded guilty to the first count of the bill, whereupon the district attorney entered a nolle prosequi as to the second count. The defendant was released on his bond pending sentence but, when called for sentence, failed to appear. Following the issuance of a capias for his arrest, the bond signed by appellant, as surety, was forfeited.
 

 The initial question- presented for determination is whether this court has jurisdiction of the appeal. It is established in our jurisprudence that a proceeding to forfeit an appearance bond is criminal in nature and, therefore, an appeal from a judgment of forfeiture lies to the court having appellate jurisdiction of the criminal case.
 
 [1]
 
 Under Section 10 of Article 7 of the LSA-Constitution, our appellate jurisdiction extends to criminal cases on questions of law alone “whenever the penalty of death, or imprisonment at hard labor may be imposed; or where a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.”
 

 The charge in this case of operating a motor vehicle while under the influence of intoxicating liquor, denounced by Article 98 of the Criminal Code, LSA-R.S. 14:98, is punishable as a first offense by a fine of not less than $125 and not more than $400, or imprisonment in the parish jail for not less than 30 days nor more than 8 months. Therefore, since the offense is not one for which the penalty is death or imprisonment at hard labor, we are without jurisdiction of the appeal, as no fine of more than $300 or imprisonment exceeding six months has been actually imposed.
 

 Under similar conditions in State v. Cotton, 162 La. 295, 110 So. 480, 481, the defendant had been tried and found guilty but, when called for sentence, failed to appear and his bond was forfeited. The surety there, as here, made an unavailing effort to have the forfeiture set aside in the lower court and thereafter applied to this court for remedial writs, which were granted. The respondent judge moved for the recall of the writs on the ground that relator had a remedy by appeal to the Appellate Division of the Criminal District Court for the Parish of Orleans. This motion was sustained, the court ruling that, since the offense of carrying a concealed weapon, for which Cotton had been convicted, was not punishable with death or imprisonment at hard labor, it was without appellate jurisdiction, as no sentence had been actually imposed. In ruling thus, it was stated: .
 

 
 *32
 
 “It is therefore clear that, so far as relates to this court, it has no appellate jurisdiction as relates to the offense charged against the accused by reason of the nature or grade of the offense, and hence none by such reason as relates to the forfeiture of the bond, and, as relates to the sentence actually imposed on the accused, it is obvious that this court has no jurisdiction on that ground, because no sentence has been imposed.”
 

 Counsel for the surety contends that we have appellate jurisdiction because LSA-R.S. 14:98 provides, among other things for punishment by imprisonment at hard labor on a third or fourth conviction of the offense therein denounced. However, as the defendant in this case has not been prosecuted as a third or fourth offender, the penalties provided for such conviction are without bearing -in determining jurisdiction-.
 

 Finally, counsel alternatively 'asks that, instead of dismissing the appeal, wé transfer it to the Appellate Division of thé Criminal District Court, which has ju* risdiction of the case under Section 83 of Article
 
 7 oí
 
 the Constitution.
 

 The request cannot be granted. LSA-*R.S. 13:4441,
 
 [2]
 
 which counsel -cites in support ‘ of' his position, vests this court and the Courts of Appeal with discretion to transfer -any case, -appealed to the wrong court, •’to^ the proper court' instead of dismissing the appeal. But that statute does not apply to this case. It pertains to transfers by and to our three civil courts of appeal (the First and Second Circuits and the Court of Appeal for the Parish of Orleans created by Section 20 and Section 76 of Article 7 of the Constitution. The Appellate Division of the Criminal District Court is not a separately constituted appellate court but only an appendage of the Criminal District Court, having jurisdiction on facts and law of appeals in certain criminal cases, which are specified in Section 83 of Article 7 of the Constitution.
 

 The appeal is dismissed.
 

 [1]
 

 . Marr’s Criminal Jurisprudence (2d Ed.) Sec. 298, p. 447; State v. Balize, 38 La. Ann. 542; State v. Hendricks, 40 La.Ann. 719, 5 So. 24, 177; State v. Williamson, 135 La. 662, 65 So. 877; State v. Williams, 37 La.Ann. 200; State v. Burns, 38 La.Ann. 363; State v. Cornig, 42 La.Ann. 416, 7 So. 698; State v. Toups, 44 La.Ann. 896, 11 So. 524; State v. Cox, 114 La. 567, 38 So. 456; State v. Dykes, 126 La. 139, 52 So. 245, and State v. Cotton, 162 La. 295, 110 So. 480.
 

 [2]
 

 . This provision was formerly Section 1 of Act 19 of 1912,' which was adopted long prior to the creation of the Appellate Division of the Criminal District Court; '