## PLIQUE v. BELLOME.

Where, on an appeal from an order refusing to set aside a provisional seizure, the question of releasing the property is the sole matter for consideration, and the record contains no information as to the value of the property, the appeal will be dismissed, though the action was on a claim exceeding three hundred dollars. Const. art. 63.

2   293
Case 1
124   1071

APPEAL from the Ffth District Court of New Orleans, *Buchanan*, J. *Elwyn*, for the plaintiff. *Pilié* and *Le Gardeur*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. Upon a claim for rent exceeding three hundred dollars, a provisional seizure issued in this case, and the return of the writ shows that a few articles of household furniture were seized. The defendant moved the court to set aside the provisional seizure, which application was refused ; and from this refusal, the defendant has appealed.

If the whole case were before us, we would deem it our duty to consider the incidents of the cause. But the main cause is not before us, and may never come before us. The sole matter presented, if the present appeal be entertained, would be the question of releasing, or retaining in custody, the property seized. The record affords us no information of the value of the property. If it were utterly lost to the defendant by reason of the seizure, *non constat* that the defendant would sustain injury to the amount of three hundred dollars.

The framers of the constitution wisely provided a limit to the jurisdiction of this court, that litigants for small matters might not be burdened by onerous costs, or harassed by protracted litigation. This wise policy it is our duty to enforce; and parties who are dissatisfied with the decrees of inferior tribunals must exhibit affirmatively their right to our interference. Constitution, art. 63.

The appeal is therefore dismissed, reserving to the defendant the right of having the order of the court below, refusing to discharge the provisienal seizure, considered in any future lawful appeal; the costs of this appeal to be paid by the defendants.