<div style="margin-left:2em;">
DALY<br>
<i>v.</i><br>
VAN BENTHUY-<br>
SEN.
</div>

The appellant has assigned as error that the cause was tried by the court, and that the law required that in this and similar cases, where from the nature of the demand damages are to be assessed, that they should be assessed by a jury. Article 313 of the Code of Practice, relied on by the counsel, has always been held to relate to the assessment of damages under judgments by default. The power of courts to assess damages in all cases, we do not think can be drawn in question.

It is said that no proof of any damage resulting from the publication of the libel was offered by the plaintiff, and that, in the absence of *any* proof, there was no power in the court to assess damages, there being nothing before the judge to which his legal discretion could be applied. The libel in this case was of the grossest kind; its inevitable tendency was to defame and degrade the plaintiff as a citizen and a member of society; and the publication was entirely unjustified by any legal or moral duty on the part of the defendant, or in the fair and legitimate protection of his rights. The actual pecuniary damage in actions of this kind can rarely be proved or computed, and is never the sole rule of assessment.

*Tillotson* v. *Cheetham,* 3 Johnson, 63. Sedgwick on Damages, 36, 45. Domat, Sup. au Droit Public, lib. 3. Erskine's Inst. Law of Scotland, 576 and notes. Merlin's Rep. *verbo Injure. Stewart* v. *Carlin,* 2 La. 72. *Kernan* v. *Chamberlin,* 5 Rob. 116.

The sum allowed to the plaintiff is considered by his counsel as a sufficient vindication of his client's character from the attack made upon it, and he has not asked that the judgment be disturbed. The defendant has, we think, shown no ground on which the amount can be held to be excessive, for the injury he has done to the plaintiff.                    *Judgment affirmed.*

---

## SPANGENBERG *v.* BIGELOW.

An appeal must be dismissed where the record does not show that the amount in dispute exceeds three hundred dollars.

APPEAL from the District Court of New Orleans, *McHenry,* J. *Durant,* for the plaintiff. *Upton,* for the appellant. The judgment of the court was pronounced by

SLIDELL, J. There is nothing in the pleadings or proceedings anterior to judgment, to show the matter in dispute in this case exceeds $300. After judgment a petition of appeal was presented, in which there is an allegation to the following effect: " There is errror to his great injury and damage, viz: to his damage in a sum far above $300." This allegation is vague; but if it be considered as sufficiently alleging that the matter in dispute exceeded $300, still it is to be observed that a rule was taken by the plaintiff to show cause why the order of appeal should not be rescinded upon various grounds, among which was that the matter in dispute did not exceed in value $300. An issue was then tendered in the court below upon this question of fact, upon which a full opportunity was presented to the defendant to offer testimony as to the amount. This

opportunity was not embraced; no testimony was offered; and, being without SPANGENBERG *v.* BIGELOW. any thing before us to establish our right to consider this cause, the appeal must be dismissed. See *Plique* v. *Bellomé*, 2 Annual Rep. p. 293.

*Appeal dismissed.*