## THE STATE *v.* CHARLES SMITH et al.

The surety in an appearance bond cannot be held liable when it does not appear that there was any order of court admitting the accused to bail, fixing the amount of the bail bond, or authorizing the Sheriff to take the same.

The judicial acts of a court of record are evidenced by the record alone.

Parol evidence was improperly admitted to show that a verbal order had been given in open court to take a bond.

An order rendered, but not entered at the time, may be entered *nunc pro tunc* in proper cases.

APPEAL from the First District Court of New Orleans, *Robertson*, J.

*M. A. Foute*, District Attorney, for State. *Field* and *Wooldridge*, for appellant.

SPOFFORD, J. For the reasons given in the case of the *State v. Cole et al.*, just decided, the motion to dismiss is overruled.

The appeal is taken by *Buck*, surety for the defendant, *James Hubert*, on an appearance bond, from a judgment forfeiting the bond.

It suffices to say that there appears in the record no order of court admitting the accused to bail, fixing the amount of a bail bond, or authorizing the Sheriff to take the same. See *State v. Gilbert*, 10 An. 532, and cases there cited.

There was not, therefore, any evidence before the court upon which the bond in question could be treated as an authentic and valid bond.

On the motion of the surety to set aside the forfeiture, the District Attorney offered the Deputy Sheriff *Fabre* as a witness to prove that the District Judge gave him a verbal order in open court to take the bond. The Judge admitted the evidence against the objection of the appellant, who took a bill of exceptions.

The ruling was erroneous. The First District Court of New Orleans is a court of record; the orders of that court relative to the admission of accused parties to bail are judicial acts; the judicial acts of a court of record are evidenced by the record alone; if the record is lost or destroyed its contents may be proved, as in other cases, by secondary evidence. But what was never of record cannot be supplied by parol in such a proceeding as this. See *State v. Longineau*, 7 An. 700. An order rendered, but not entered at the time, may be entered *nunc pro tunc* in proper cases.

The Deputy Sheriff also testified that he had been in the practice for many years of taking bail bonds without a judicial order. The practice of ministerial officers cannot control the statutes relative to bail. Upon this subject the law is clear, and there is no doubt or discordance in the judicial interpretation of it. It is the duty of ministerial officers throughout the the State to act in conformity to the law, as expounded in the courts, and no practice of theirs, however long continued, can justify a departure from settled rules.

It is, therefore, ordered and decreed, that the judgment of the District Court against *J. A. Buck*, as surety on the bond of *James Hubert*, be avoided and reversed, and that the State take nothing by its motion.