STATE *v.* JOHN C. WILSON.

If the transcript of appeal be imperfect from omissions of the Clerk whose certifficate is full, it is the duty of the appellees to have the correction made by a *certiorari*, otherwise the appellate court will act upon it as a complete record and reverse the judgment of the court below, if it does not appear to be justified by the documents and evidence contained in the transcript.

APPEAL from the Sixth District Court of the Parish of Iberville, *Beale,* J. *Duncan Stuart,* for the State. *Zenon Labauve,* for defendants and appellants.

MERRICK, C. J. Outside of the record we know that this case was before us last year and was remanded for a new trial. The second trial also resulted in a judgment against the sureties of *Wilson,* and they have appealed.

The judgment of the lower court cannot be maintained without reference to the transcript filed on the former appeal and considering orders which were not offered in evidence on the last trial, we think it would be countenancing a mode of practice much too loose to make such reference. The rights of parties should in general be determined on the record as certified and presented to us. If it be imperfect from omissions, the appellees can always have it corrected by a *certiorari.* Looking to the record alone, the case appears to be presented here for the first time.

It does not appear by the present transcript that there was any order given to the Sheriff to take the appearance bond of the accused. Neither is the opinion and former decree of this court in the record or any evidence to stop the defendant from making the point *de novo.*

Where procedings are conducted with so much negligence we will not remand a second time for a new trial but will at once render a judgment of nonsuit.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court as to the said *Matthew Marr, Charles F. Stubbs,* and *Henry Keller,* be avoided and reversed and that there be judgment in favor of said defendants as in case of nonsuit.

SPOFFORD, J. dissenting. As stated by the Chief Justice, this case was formerly before us and was remanded for a new trial. On that occasion, we were called upon to decide whether the order given by the district judge to admit the accused to bail was sufficient; we held it was, but the bond not being in evidence, the cause was remanded for a new trial on that account. See opinion book. A new trial has been had, and the sureties have again appealed; but they have chosen to bring up an impefect record omitting nearly all the documents and orders which we know were contained in the former record. Besides, the fact is patent upon this record, that it is imperfect.

These sureties brought up the appeal and should have brought a complete transcript. It is their fault that it is incomplete, and they should not, in my opinion, profit by their fault; we know that the Clerk's certificate is a mistake, that there was a sufficient order admitting the party to bail, which has been left out of the record.

I think we should dismiss the appeal *ex officio.* See *Harris* v. *Hays,* 8 An. 433.