## No. 8629.

### THE STATE OF LOUISIANA EX REL. LOUIS H. MARRERO VS. THE JUDGE OF THE TWENTY-SIXTH DISTRICT COURT, PARISH OF JEFFERSON.

A judgment rendered by a competent court, in an action for the nullity of a previous judgment rendered by the same court, is *res adjudicata* of the grounds alleged in nullity, and will be a bar to an application by the same party to a writ of *certiorari* in the Supreme Court, with a view to annul the same judgment on the same alleged grounds of error.

APPLICATION for a Certiorari.

*L. Marrero* for the Relator.

*Alfred Shaw* and *E. A. Billings* for the Respondent.

The opinion of the Court was delivered by

POCHÉ, J.   Proceeding under the writ of *certiorari*, relator charges several irregularities in the proceedings, which culminated in a judgment for one hundred and sixty 93-100 dollars against him in the defendant court.

In his return the respondent Judge urges the regularity of the proceedings had before him and the legality of the judgment sought to be annulled.

He further avers, that after the rendition of said judgment, relator instituted in his court a suit for the nullity of said judgment, resting his action on the identical grounds set forth by him in the present proceeding; in which suit judgment was rendered against him, and that the latter judgment having become final, has the force of *res adjudicata* on the issues presented on his relation before this Court.

Under our rules of practice, relator had the option to demand the

State ex rel. Muse vs. Judge.

nullity of the judgment rendered against him, and which was unappealable, by invoking the remedy by *certiorari* before this Court, or by instituting his action in nullity before the court which had rendered the judgment.

He chose to adopt the latter mode for obtaining redress, and his effort has resulted in defeat. Hence, he now seeks the same redress before this Court.

The record of his suit in nullity is before us, and shows that all proceedings therein are regular and, in fact, are not even referred to or complained of by him.

The irregularities therein set forth as the grounds of nullity of the judgment assailed by him are identically the same which are now pressed before us.

The court was competent to pass upon and to determine the issues presented in his suit for nullity, and its judgment on such issues is binding on the parties, until such judgment is avoided or annulled under some of the modes pointed out by law. The judgment may be erroneous and it may have the practical effect of giving vitality to a judgment null and void for irregularities patent on the face of the record ; but as it appears regular in form, we are powerless to examine into its intrinsic merits, or to avoid and avert its binding effect on the relator herein and plaintiff therein, who invoked the aid of the tribunal which rendered it.

It is a final judgment rendered by a competent court, and it must be held to have adjudicated and fully disposed of the very matters which are the subject matter of the present proceeding.

Our conclusion is, that relator is not entitled to the relief which he asks of this Court.

It is, therefore, ordered, adjudged and decreed, that our preliminary restraining order issued herein be set aside, and that the writ of *certiorari* herein prayed for be refused at relator's costs.