## No. 9378.

### THE STATE OF LOUISIANA VS. JOSHUA WILLIAMS.

The forfeiture of an appearance bond is a proceeding in a criminal case, and the appeal from the judgment of forfeiture is not to be tested by the rule applicable to civil actions.

Whenever the offence charged in the indictment is of a grade that gives us jurisdiction because one of the jurisdictional punishments may be inflicted, that fact attracts jurisdiction to the appearance bond that was given in that criminal proceeding. The test of our jurisdiction is not the amount of the bond but the grade of the offence charged.

The forfeiture of an appearance bond given without authority will be set aside.

The object of an appearance bond is to secure the trial of the offender rather than to fill the coffers of the Treasury, and therefore when after forfeiture the sureties bring the offender into open court during the term when the bond was forfeited, the judgment of forfeiture should be set aside, provided there is no collusion or deceit or fraud practiced or attempted to be put upon the court.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Cross*, Special Judge.

*M. J. Cunningham*, Attorney General and *C. C. Bird*, District Attorney, for Plaintiff and Appellee.

*Rouse & Grant, contra.*

The opinion of the Court was delivered by

MANNING, J. This appeal is from a judgment of forfeiture of an appearance bond, and a motion to dismiss is made for want of jurisdiction.

State vs. Williams.

Joshua Williams, having been arrested on a charge of murder, was held to bail ( by what authority does not appear ) in the sum of three hundred dollars for which he gave bond with Henry Schorten and Charles Williams as sureties. Upon the meeting of court an information was filed charging him with assault with a dangerous weapon with intent to commit murder, and an order was entered that the sheriff take bond for the defendant's appearance in the sum of three hundred dollars. None was taken.

The defendant was tried and the jury failed to agree. There were several continuances at subsequent terms. Finally at the autumn term 1884, the defendant was called and failing to appear, his bond was forfeited. Later in the same term his sureties produced him in open court and moved to set aside the judgment of forfeiture which was refused and they have appealed.

The ground of the motion to dismiss is that the sum is below our jurisdiction, but it is not maintainable.

The forfeiture of an appearance bond is a criminal proceeding and the appeal from the judgment of forfeiture is not to be tested by the rule applicable to civil actions. State v. Cassidy, 7 Ann. 276.

In criminal cases our jurisdiction comprehends only those where the punishment of death or imprisonment at hard labour may be inflicted or a fine exceeding three hundred dollars is actually imposed. Yet it is well settled that we have jurisdiction when the indictment for those offences has been quashed. The State may appeal therefrom although no punishment has been awarded and no fine imposed. State v. Ellis, 12 Ann. 390.

So where the punishment awarded is neither death nor imprisonment at hard labour but of a grade whereof we have not jurisdiction, yet if the offence charged be one for which either of those punishments may be inflicted, we have jurisdiction. State v. Charles, 14 Ann. 650.

Now the offence with which the defendant is charged is one that gives us jurisdiction because one of the jurisdictional punishments may be inflicted on him, and that fact attracts jurisdiction to the appearance bond that was given in that criminal proceeding. The test of our jurisdiction in such case is not the amount of the bond, but the fact that an offence is charged for the commission of which the punishment of death or imprisonment at hard labour may be inflicted, or a fine exceeding three hundred dollars is actually imposed.

The motion to dismiss is therefore denied.

### ON THE MERITS.

The judgment of forfeiture cannot stand. The bond was given apparently without authority. It states on its face that it is given to answer a charge of murder and bears date of the time of arrest, January 1882. The bond that was ordered to be given at the March term 1882, when the information for assault with intent to murder was filed, was never given. It is not the bond that was required by the court. It antedates the time of filing the information and the order permitting and prescribing the bond.

There is another reason why it cannot stand. The sureties brought the accused in open court and offered him for trial. The object of an appearance-bond is to secure the trial of offenders rather than to fill the State coffers by forced contributions from sureties. That object was attainable through and by the action of the sureties in producing the body of the offender at the term when he was called. Where there is no collusion nor suspicion of collusion to defeat the ends of justice, sureties have been always relieved from a judgment of forfeiture when they have produced their principal and surrendered him into the custody of the law. That should have been done in the present case.

Judgment reversed.