## No. 9612.

### THE STATE OF LOUISIANA VS. CELIA HARRISON.

The State, having once taken proceedings for the forfeiture of a bail bond in a criminal case, and having obtained a judgment against the parties, which is final and has never been, in any mode, annulled, avoided or reversed, cannot recover another and new judgment on the same bond against the same parties.

APPEAL from the Second District Court, Parish of Webster. *Drew*, J.

*M. J. Cunningham*, Attorney General, and *J. A. W. Lowry*, District Attorney, for the State, Appellee.

*Watkins & Watkins*, for Surety on Bail Bond, Appellant.

The opinion of the Court was delivered by

FENNER, J.   The facts of this peculiar case are as follows:

Celia Harrison, having been arrested on a charge of petty larceny, furnished a bond in the sum of $75 with T. B. Neal as surety for her appearance before the District Court.   Subsequently she was indicted and appeared in the District Court and furnished the usual bail bond in the sum of $150, with Neal as surety.   Of course, this terminated and discharged the former bond.

At the April term of 1883, Celia failing to appear and she and her surety having been duly called, her bond was declared forfeited, and a judgment was regularly entered and signed by the Judge, but, in drawing it up, no doubt by clerical error, the amount inserted was $75 instead of $150, which the bond called for.

On this judgment the State issued execution under which property of the surety was seized.

Neal, the surety, then brought an independent injunction suit restraining the execution on several grounds; amongst others, that the judgment purported to be on a bond for $75, and that the only bond in that amount which he had given was terminated and discharged. In this suit a simple judgment was rendered perpetuating the injunction, without, however, annulling the judgment or stating the grounds on which the injunction was sustained.

Thereafter at the June term of 1884, the Court entered a new judgment for $150, without any reference to the former judgment, but based on the failure to appear and other proceedings at the April term of 1883, and purporting to be signed *nunc pro tunc*.

On this judgment *fi. fa.* issued and Neal brought another injunction suit, pleading, amongst other grounds, the former judgment as *res*

State vs. Harrison.

*adjudicata* and the existence of two judgments against him on the same forfeiture, and also the nullity of the last judgment. From a judgment dissolving his injunction, Neal appealed to the Circuit Court of Appeals. That Court looked upon the last judgment as an attempt to correct the clerical error of the former judgment, but held that, even if such correction were permissible, it could not be made except by contradictory proceedings after due notice to the parties. Hence it reversed the judgment appealed from and perpetuated the injunction, reserving, however, to the State the right "to take such proceedings *as may be proper according to law*, either upon the original judgment or upon the bond for $150."

Acting under this reserve, the State elected to take entirely new proceedings on the bond, and on fixing of the case for trial at the December, 1885, term of the court, called the principal and surety to appear as directed by the law. The surety, Neal, did appear and opposed the forfeiture, pleading, as a bar thereto, the former judgments.

The court, nevertheless, proceeded to pronounce the forfeiture and rendered judgment against the parties for $150, from which the present appeal is taken.

We think the judgment must be reversed.

The State has had her day in court on the forfeiture of this bond, and has obtained a judgment against the parties, which is final and which has never, in any manner, been annulled, avoided or reversed.

Referring to Neal's injunction suit against the execution of the first judgment, we find that the prayer of his petition to have the nullity of the judgment decreed, was not granted in the judgment thereon which simply perpetuated the injunction against the threatened sale of the property; nor has it been otherwise set aside. While that judgment stands, the State cannot recover a new judgment against the parties on the same bond.

This is not, in the slightest degree, inconsistent with the reserve contained in the decree of the Circuit Court, which merely extended to "such proceedings as may be proper according to law," without determining, in advance, whether they would be legal or not.

So we shall reserve the right of the State to correct the alleged clerical error in the original judgment, if it can be legally done, without deciding whether or not it can be legally done, and also to take such further proceedings in execution thereof as may be legal. We have mentioned the proceedings in the Circuit Court, only as part of the

narrative of the case, without intimating an opinion as to their jurisdiction in such a case.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed at cost of the State in both courts, without prejudice to the right of the State to proceed legally for correction of the original judgment of forfeiture, or otherwise in execution thereof.