(38 South. 456.)

No. 15,581.

STATE v. COX et al.

(April 24, 1905.)

APPEAL—JURISDICTION — PENALTY—FORFEITED RECOGNIZANCE.

1. Whether an appeal will lie to this court from a judgment forfeiting an appearance bond depends upon whether the bond was given in a prosecution within the jurisdictional power of the court, the doctrine being that the matter of the forfeiture is attracted to the prosecution; and this doctrine may perhaps apply in case of a judgment rendered in a proceeding to set aside a judgment of forfeiture.

2. The appellate jurisdiction of this court extends to two classes of criminal cases—the one "where the punishment of death or imprisonment at hard labor may be inflicted"; the other, "where a fine exceeding $300 or imprisonment exceeding six months is actually imposed." In the one case the question of jurisdiction is determined by the character of the offense, as measured by the punishment that may be inflicted, and hence is set at rest at the inception of the prosecution. In the other case the question is determined not by the penalty that may be inflicted, but by that which is actually inflicted, and hence must await for its determination the result of the prosecution.

3. Where an appearance bond for $300 is adjudged forfeited in a prosecution in which a nolle prosequi is subsequently entered, and in which it would be necessary that the maximum penalty should be imposed in order to entitle the defendant to an appeal, no appeal lies from a judgment dismissing a rule to set aside the forfeiture.

(Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Caldwell; George Wear, Judge.

Frank Cox was accused of selling liquor without a license, and gave bond for his appearance to answer to the charge. Judgment was entered on the bond for failure to appear, and, from a judgment denying a motion to set aside the judgment on the bond, said Cox and another, as surety on the bond, appeal. Appeal dismissed.

C. P. Thornhill, for appellants. Walter Guion, Atty. Gen., and O. M. Grisham, Dist. Atty. (Allen Byber Hundley and Lewis Guion, of counsel), for the State.

MONROE, J. The following facts appear, by admission and otherwise, upon the face of the record, to wit: In July, 1903, the defendant Cox gave bond in the sum of $300, with C. R. Ferrand as surety, for his appearance to answer the charge of retailing liquor without having obtained a license. In March, 1904, the case being called and the

state being ready for trial, the defendant failed to appear, and there was judgment nisi upon the bond. In May, 1904, the case being again called, and, the state being again ready for trial, the defendant again failed to appear, whereupon the judgment on the bond was made final, and the defendant and his surety were condemned in solido in the sum of $300, with interest at 5 per cent., and costs amounting to $8.50. In June, 1904, the chief prosecuting witness died, and in August the defendant surrendered himself or was surrendered. In December following the case was again called for trial, and the state, after an unsuccessful effort to have it continued, entered a nolle prosequi, and thereupon the surety moved that the judgment on the bond be set aside and held satisfied by reason of the surrender of the defendant as stated. There was judgment denying the motion, and the mover has appealed. The state moves to dismiss the appeal on the ground that the case does not fall within the class to which the appellate jurisdiction of this court extends.

### Opinion on Motion to Dismiss Appeal.

The bond was forfeited under Rev. St. § 1032, as amended by Act No. 17, p. 23, of 1900, and it has been held that in such cases this court has jurisdiction, regardless of the amount involved, if the bond was given in a criminal prosecution within its jurisdictional power; the doctrine being that the matter of the forfeiture is attracted to the criminal prosecution. Society v. Cage, 45 La. Ann. 1394, 14 South. 422. And this doctrine may perhaps apply in case of a judgment in a proceeding to set aside a judgment of forfeiture. But the remaining question is, was the prosecution with which we are here concerned within the jurisdictional power of this court? It was instituted and conducted, so far as it went, under Rev. St. § 910, which authorizes the imposition of a fine of not less than $100, and not more than $500, or sentence of imprisonment for not less than 15 days, nor more than 4 months. Upon the other hand, the appellate jurisdiction of this court in criminal matters extends to cases in which "the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding $300 or imprisonment exceeding six months is actually imposed." Const. 1898, art. 85. It will be seen from this that in the class of cases first mentioned the question of the jurisdiction of this court is determined by the character of the offense, as measured by the punishment that may be inflicted, and hence is set at rest at the inception of the prosecution, but that in the class next mentioned the question whether an appeal will or will not lie is determined not by the penalty that may be inflicted, but by the penalty which is actually inflicted, and hence must await for its determination the result of the prosecution. The case at bar belongs to the latter class, and, as no penalty was inflicted—no result in that respect reached—the condition precedent necessary to vest this court with jurisdiction has not been established.

It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed at the cost of the appellants.