MONROE, J.
Relators, L. E. Hinds and his wife, acquired certain real estate in Shreveport — L. E. Hinds by purchase, and Mrs. Hinds by inheritance — from M. A. Boynton, and, finding recorded against it two judgments in favor of the state of Louisiana, each for $250, rendered against their author as security on certain appearance bonds, given by persons charged with petit larceny, and recorded January 13, 1894, they applied to the district court for a writ of mandamus to compel the recorder to cancel the inscriptions, on the ground that the judgments are prescribed; and they made the district attorney a party defendant in the proceeding. The recorder and the district attorney answered that prescription does not run against the state.
The judge a quo, after hearing, gave judgment denying relators’ application, and in so doing considered the question whether the proceeding should be regarded as civil' or criminal in character, and adopted the latter view, for which counsel for relators contended, and which was opposed by counsel for defendants.
If the proceeding is civil, this court has
no jurisdiction of the appeal, since the amount involved is less than $2,000. If the proceeding is in its nature criminal, the jurisdiction does not appear, for the appellate jurisdiction of this court extends “to criminal cases, on questions of law, alone, whenever the punishment of death or imprisonment at hard labor may be inflicted, or a fine, exceeding $300, or imprisonment, exceeding six months, is actually imposed” (Const. art. 85); and the record does not show that either of those conditions is presented in the cases on which relators rely for the maintenance of the appeal.
Thus it is assumed that this court may-exercise the jurisdiction invoked, upon the theory that this is a proceeding growing out of the forfeiture of certain appearance bonds, given in criminal prosecutions, and that such jurisdiction is “attracted” by that which might be exercised with respect to those prosecutions. Upon the face of relators’ petition, however, it merely appears that the defendants in those prosecutions were charged with “larceny” ; but the value of the property said to have been stolen is not stated, and the offenses may or may not be punishable by imprisonment at hard labor, as they may or may not belong in one or the other of the grades of larceny established by law (Act No. 107, p. 162, of 1902, § 5). If they are not punishable by imprisonment at hard labor, this court has no apparent appellate jurisdiction with respect to them (since they are not punishable with death, and no sentence whatever has actually been imposed), and hence no such jurisdiction is “attracted” with respect to the present proceeding (even assuming that it would' be attracted if the appellate jurisdiction quoad the prosecutions were made' apparent, a point concerning which we express no’ opinion). State v. Williams, 37 La. Ann. 200; State v. Toups, 44 La. Ann. 896, 11 South. 524; State *1071 v. Cox, 114 La. 567, 38 South. 456. “Parties who are dissatisfied with the decrees of inferior tribunals must exhibit affirmatively their right to an' appellate interference.” Dame v. Gass, 11 Mart. (O. S.) 205; Cason v. Chaney, 3 La. 269; Hall, Tutrix, v. Sanders, Adm’r, 3 Rob. 10; Police Jury v. Fontaine et al., 11 Rob. 476; Succession of Tompkins, 12 Rob. 110; Plique v. Bellome, 2 La. Ann. 293; McDonogh v. Derbigny, 2 La. Ann. 956; Spangenberg v. Bigelow, 3 La. Ann. 70; McDonogh v. Nugent, 4 La. Ann. 28; New Orleans v. Apken, 36 La. Ann. 419; Hite et al. v. Hinsel & Tallieu et al., 39 La. Ann. 113, 1 South. 415. The matter not appearing to be within its jurisdiction, this court can no more review the ruling of the district court upon the disputed question of the character of the proceeding than upon any other point, and hence cannot assume the proceeding to be civil in character and transfer the appeal to the Court of Appeal.,
It is therefore ordered by the court, ex proprio motu, that the appeal herein be dismissed.