(52 South. 245.)

No. 18,152.

STATE v. DYKES.

(April 25, 1910.)

*(Syllabus by the Court.)*

1. BAIL (§ 94*)—IN CRIMINAL PROSECUTIONS —FORFEITURE—RIGHT OF APPEAL.

In a certain class of cases referred to in the opinion appealed, the appeal will be allowed only when the penalty has been actually inflicted. State v. Cox, 114 La. 570, 38 South. 456.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 419; Dec. Dig. § 94.*]

2. BAIL (§ 94*)—IN CRIMINAL PROSECUTIONS —FORFEITURE—JURISDICTION OF APPEAL.

The forfeiture of an appearance bond is a proceeding arising directly from a criminal prosecution and falls directly within the criminal jurisdiction of the court.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 419; Dec. Dig. § 94.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; B. B. Purser, Judge ad hoc.

John Dykes was convicted of violation of the election law, and on failing to appear his bond was forfeited, and he appeals. Dismissed.

Thos. M. Bankston and Mathew J. Allen, for appellant. Walter Guion, Atty. Gen., Wm. H. McClendon, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

BREAUX, C. J. At the March term of the district court in the year 1908, the grand jury of the parish of Tangipahoa found an indictment against John Dykes, charging him with having willfully and unlawfully, at the primary election, held to nominate Democratic candidates for state, parish, and ward officers, to be voted on at the general election in April of 1908, exhibited and allowed his vote to be seen by the voters and participants within the polling precinct, with the intention of letting it be known how he was about to vote.

At the same term at which he was indicted, the court issued an order to arrest the accused, and added, in case of his arrest, to admit him to bail upon bond in the sum of $150.

Before the adjournment of the court for the term, the accused furnished bond.

On the 20th day of December, 1909, the name of the accused was called for trial in the manner and form required, and, he having failed to answer to his name, the court, on the motion of the district attorney, ordered that he be called on his bond, as required before forfeiture, and, the accused having failed to appear or make answer, his bondsmen, Vic Spring and J. F. Hayden, were called in accordance with the form laid down in such cases.

Each having failed to bring the accused before the court, upon the further motion of the

district attorney, and upon offering to the court the appearance bond and the indictment, the court rendered judgment against John Dykes, as principal, and Vic Spring and J. F. Hayden, as sureties in solido, in the full sum of $150.

The accused moved to set aside the forfeiture of the appearance bond on different grounds stated: Such as that he was physically unable to attend the trial on the date it was set and on which the bond was forfeited and judgment rendered against principal and sureties.

On the appeal to this court from judgment refusing to set aside the forfeiture of the appearance bond, the state, through her authorized officers, moved to dismiss the appeal from the docket of this court for the reason that the transcript does not present any appealable question for review under article 85 of the Constitution.

The proceeding to forfeit a bond is in its nature a criminal proceeding is the contention of the state; that jurisdiction is to be determined by the crime in the indictment, and not by the amount of the bond; that it is governed in all important particulars by the rule of practice.

As relates to jurisdiction, that no appeal lies unless there was a right of appeal in the case in which the bond was given.

The fine which may be imposed for the offense of which defendant was found guilty is a fine of not less than $50 and not more than $500, and imprisonment for not less than two months and not over one year.

No penalty has been imposed in the case against the accused.

### Opinion and Judgment.

The imperative words of the Constitution are that a judgment on a forfeited bond against principal and surety cannot be appealed from, except in a criminal case when the crime committed is punishable by death or hard labor.

Precisely the same question presented itself in State v. Cox, 114 La. 570, 38 South. 456.

The defendant in the just-cited case had given an appearance bond in a criminal case in the sum of $300.

The defendant failed to appear for trial, and his bond was forfeited, and the forfeiture was made final, and the defendant and the surety were condemned in the amount of the bond.

Subsequently the defendant surrendered himself for trial.

The prosecuting witness having departed this life, the court entered a nolle prosequi. Thereafter, the surety moved to have the judgment on the bond recalled and set aside and to be held satisfied by reason of the surrender of the defendant as before stated.

The court overruled the motion. The mover appealed.

The state—as in the case before us for decision—moved to dismiss the appeal.

The court held that, in the class of cases coming within the last paragraph of the Constitution upon the subject, in order that there may be a right of appeal from a judgment on a bond, the penalty must be actually inflicted.

This is a comparatively recent case. It is in point as direct as a case can be. No good ground has been given for not adhering to it. We must decline to follow another. The appellate jurisdiction is limited and does not embrace the present appeal. State v. Cox, 114 La. 567, 38 South. 456, cited above.

The fine must have been imposed. The accused had not been condemned. The condition of the appeal is a fine actually imposed. Id.

Learned counsel for defendant made a mo-

tion orally to transfer the appeal to the Court of Appeal.

As that court is not invested with jurisdiction in criminal cases, we take it that the purpose of the motion was to have it transferred as a civil case.

This court at one time inclined to view that proceedings may be taken as civil in character, as it is not a proceeding for the recovery of a fine, but a proceeding for an amount due the state.

There is something to be said from that aspect of the question.

The court, many years ago, said that a pursuit of this nature is not necessarily an incident to a criminal prosecution; that it is a consequence of such a prosecution arising from the broken condition of a bond; that it resolves itself into a civil suit; and that on account of the limited power of the criminal court it does not devolve upon it to assume jurisdiction in such cases. Peirce v. Morgan, 3 La. 342.

Since that decision was handed down, the question has been considered from different points of view.

Repeatedly it was urged before this court that the proceedings were of a civil nature, and that the court should return to the dictum in the cited case.

But that view has never been sustained.

In a comparatively recent case, although the court expressed an opinion showing an inclination to sustain the civil character of the suit, it added:

"In so saying, we do not lose sight of the fact that it has been treated as criminal proceeding in order to determine questions of jurisdiction in cases of appeal from judgment of forfeiture of bail bonds." State v. Hendricks, 40 La. Ann. 723, 5 South. 25.

In another case, defendant failed to appear when he was called, and his bond was forfeited, and a judgment rendered against him and the sureties on his bond.

The forfeiture of the appearance bond, and the judgment and execution thereon, the court said, are proceedings arising directly from a criminal prosecution, and fall within the criminal jurisdiction of the court. State v. Cornig, 42 La. Ann. 419, 7 South. 698.

The court added it is not a civil, but a criminal, procedure. Id.

This, it is true, relates to proceedings before the criminal district court.

None the less, it having been decided that the prosecution was a criminal prosecution, including the forfeiture of the bond, the proceedings do not change their character after an appeal has been taken.

They are not to be considered as criminal proceedings in the district court and civil proceedings on appeal.

The court said in an early case:

"The forfeiture of the bond by judgment has always been regarded as a criminal proceeding." State v. Cassidy, 7 La. Ann. 276.

The following further characterizes the proceedings as in a criminal case not to be tested by the rules applying to a civil action, citing State v. Cassidy, 7 La. Ann. 276; State v. Williams, 37 La. Ann. 201.

The court in a case on appeal said that the question was not an open one; proceeding to forfeit is criminal in character, citing State v. Williams, 37 La. Ann. 200, and State v. Cassidy, 7 La. Ann. 276.

The court said again, in State v. Balize, 38 La. Ann. 542, that it was a criminal case, in the sense of Act No. 30 of 1878, citing State v. Cassidy, 7 La. Ann. 276; State v. Williams, 37 La. Ann. 200.

In the case of State v. Toups, 44 La. Ann. 896,[1] the court gave careful consideration to the question and reiterated in substance that the question was not an open one, and again the court cited State v. Cassidy, 7 La. Ann. 276; State v. Williams, 37 La. Ann. 200;

---

[1] 11 South. 524.

State v. Harrison, 38 La. Ann. 299; State v. Burns, 38 La. Ann. 363; State v. Balize, 38 La. Ann. 548; State v. Hendricks, 40 La. Ann. 719, 5 South. 24; State v. Cornig, 42 La. Ann. 416, 7 South. 698.

The court referred to the cited case supra. Peirce v. Morgan.

Even according to that case (Peirce v. Morgan) the Supreme Court must be held to have constitutional power to examine into and revise the finding of the district court in such cases; that is, that decision is authority for holding that the court must have jurisdiction to forfeit the bond.

The question is not before us in proceedings to collect the bond; that presents another question. To the extent we are called upon to decide even the Peirce-Morgan Case is not an adverse decision—for the question is very similar whether it relates to the forfeiture of the bond or to the rule filed to set aside the forfeiture. This was directly held in the following case: State v. Cox, 114 La. 567, 38 South. 456.

It is true that the court used the word "perhaps" in the last-cited case. The court said that perhaps the criminal court had the authority to pass upon the rule filed to set aside the forfeiture.

We do not take it that it was the intention to express the opinion that all the decisions relating to the forfeiture of the bond and jurisdiction in such cases are erroneous.

We reiterate: There is no question before us of enforcing the judgment. Only a case of forfeiture of the bond.

This court, under the provision of law, has repeatedly decided that the nullity of a judgment must be sued for exclusively in the court which rendered it.

And that execution could not be arrested by injunction issued by the civil district court of New Orleans.

The court (we quote from the syllabus) said:

"The latter must apply in a proper case for relief to the court which condemned him, and by invoking remedy in other proceedings."

The question is not res nova. We adhere to former rulings.

For reasons stated, the appeal is dismissed, and the case is not transferred to the Court of Appeal.