BREAUX, C. J.
The question arising from the forfeiture of a bond in a criminal case is before us for decision.
The defendant was prosecuted for—
“unlawfully, at the primary election, held in 190S, to nominate Democratic candidates for state, parish, and ward officers, for allowing his vote to be seen by the voters and participants within the polling precinct, with the apparent intention of letting it be known how he was about to vote.”
The judge of the district court was one of the candidates at the election.
Besides, the judge had been district attorney and signed the indictment against the defendant.
He, on that ground, recused himself, and appointed Mr. B. B. Purser judge ad hoc.
The case was assigned for trial. On the day fixed for the trial, to wit, December 20, 1909, the defendant failed to report when he was called.
As he was not present, on motion of the district attorney and the order of the judge, the bond signed by defendants as sureties was forfeited, and they and the defendant in solido were condemned to pay the amount, to wit, $150.
On the 22d day of December, 1909, the defendant appeared at the courthouse.
He alleges, to quote literally:
“But that court was in' adjournment.”
He avers further that:
“He then proceeded to the sheriff’s office and announced his willingness to submit to any orders of the court, and that he informed the district attorney at the same time of his readiness for trial; that he took no steps to try the case, and that on account of the adjournment of the court he was unable to obtain trial on the day mentioned!’
The judgment of forfeiture was signed on the 7th day of January following.
Defendant appealed from the action of the district court.
The appeal was dismissed. State v. Dykes, 52 South. 245, 126 La. 139.
Defendant Dykes subsequently appeared *56 voluntarily and stood Ms trial. He was found guilty and sentenced. He was pardoned. *
Defendant’s first point is that the judgment was null and void by reason of the fact that there was ground of recusation by Judge Ellis originally because he was a candidate, as before stated, hut that ground no longer existed after the judgment of forfeiture had been entered.
That after that judgment the issues presented to have the forfeiture adjudged null were entirely different, also the cause of action, and that the regular judge had no cause not to try the case.
The judge ad hoc had jurisdiction to render a judgment of forfeiture. The authority did not end with the forfeiture. The issues continued tó be substantially the same, and the proper judge to set aside what had been done — if there was ground to set it aside— was the judge ad hoc, by whom the judgment had been rendered.
It is well settled that courts by whom judgments are rendered are the proper courts to set them aside.
Moreover, there was as much cause for the judge to recuse himself in matter of the setting aside the bond as there was in the trial originally.
One issue in matter of forfeiture was clearly connected with and germane to the other issue; i. e., the questions of trial and forfeiture are interconnected.
This brings us to the next plea argued by the defendant through counsel. It is that, having presented a motion, the day after the forfeiture, to set aside the forfeiture on the ground that he, having met with a serious accident (he was severely hurt by being thrown from his buggy), was physically unable to be present on the day preceding to stand his trial.
The district attorney admitted that on Monday, the 20th, John Dykes, the defendant, was unable to leave his home on account of the accident; but he added that all the proceedings taken were regular according to law, and insisted upon the execution of the judgment against' the sureties as rendered.
We will avail ourselves of the opportunity to state that there was ample ground for the admission above.
Generally, the forfeiture of a bond will remain as written. The strictness of the rule will not be departed from. The language is imperative, taken in the strict sense which it justified.
We can well understand that a judge a quo will feel unwilling to set aside a judgment of forfeiture. It is well that it should be the case. Generally, the statute should be tracked when a defendant fails to appear at the appointed time and place. He should exhaust every means in order to bring himself within the terms of the statute, which will enable him to escape from its terms.
But there may be exceptions.
In our opinion, this case is an exception.
The defendant Dykes sought a hearing on good and valid grounds within the five days laid down in the statute.
His ground was denied, and his motion overruled.
The court adjourned on the second day after the forfeiture.
It is not reasonable to suppose that he could have stood his trial within the five days, the court having adjourned on the second day after the forfeiture.
True, the district court shall hold a continuous session during ten months of the ycnr.
But, in districts composed of more than one parish, the judge shall sit in each parish as the public business may require, and necessarily there is an adjournment in a parish whiie the court is held in another parish.
Tangipahoa is not a district of itself. Sessions of the court are held elsewhere.
We have noted that the judgment of for *58 feiture was entered, but not signed until some time after defendant moved to set aside tbe forfeiture.
It was physically impossible for tbe defendant Dykes to appear and stand his trial, under the facts of the case.
We have noted that this was a misdemeanor.
We are constrained, under our view of the law, to annul, reverse, and avoid the judgment of forfeiture entered in said case, and signed, as before mentioned, and release the defendant and the sureties on his bond from all liability under the said order of forfeiture, and from the judgment as signed, for the amount and costs.
It is therefore ordered, adjudged, and decreed that the judgment of forfeiture in said case is annulled, avoided, and reversed.