(55 South. 723.)

No. 18,730.

STATE v. GOSS.

In re AMITE BANK & TRUST CO. et al.

(April 10, 1911.   On Rehearing, June 26, 1911.)

On Rehearing.

JUDGMENT (§ 518*)—COLLATERAL ATTACK—PROCEEDING.

Where, after judgment on an appearance bond, suit was instituted to have the forfeiture declared a nullity, in which judgment was rendered denying such relief, such judgment was res judicata, in a proceeding by the surety's administrator for a writ of mandamus, prohibition, and certiorari, to compel the trial court to set aside the forfeiture of the bond.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 961, 962; Dec. Dig. § 518.*]

Provosty, J., dissenting.

Action by the State against Walter Goss on an appearance bond. Application by the Amite Bank & Trust Company, as administrator of the defendant's estate, and others for writs of mandamus, prohibition, and certiorari, to review a judgment for the state on the bond. Affirmed on rehearing.

See, also, post, p. 101, 55 South. 728.

Clay Elliott, for relator. Walter Guion, Atty. Gen., Wm. H. McClendon, Dist. Atty., and R. G. Pleasant, Asst. Atty. Gen. (G. A. Gondran, of counsel), for respondent.

PROVOSTY, J.   The accused, Walter Goss, charged with selling spirituous liquors without a license, was bailed by verbal order of the judge, given over the phone; and Byron B. Hughes, whose succession the relator represents, became surety on the bond. The accused fled from justice before trial, and in due course, judgment of forfeiture was entered on his bond. The relator took a rule on the district attorney to show cause why the forfeiture should not be set aside as to the surety, for the reason that, the district court being a court of record, a verbal order of the judge of that court, authorizing bond to be taken and fixing its amount, is an absolute nullity, and any judgment of forfeiture rendered on such a bond is likewise an absolute nullity.

The court refused to annul the judgment of forfeiture and dismissed the rule. An appeal was taken to this court, which is still pending. Of that appeal this court has no jurisdiction, for the reason that proceedings for the forfeiture of criminal bonds and for the setting aside of the judgment of forfei-

ture of such bonds are criminal proceedings, which follow the case in which the bond was, taken, and are appealable or not to this court accordingly as the case itself was so appealable (State v. Dykes, 126 La. 139, 52 South. 245); and the case in which the bond now in question was taken was not appealable to this court, since the crime charged against the principal on the bond (selling intoxicating liquors) is not one which, of itself, would confer jurisdiction; it not being necessarily punishable by imprisonment at hard labor or by death, and no fine of $300 having been imposed. State v. Cox, 114 La. 567, 38 South. 456. Realizing the futility of the appeal, relator has abandoned it, and had recourse, by the present proceeding, to the supervisory jurisdiction of this court.

The learned trial judge suggests that the judgment on the rule is res judicata of the validity of the judgment of forfeiture; and so it is, so long as not set aside; but the aim of the present proceeding is to set it aside. In the case of State v. Judge, 35 La. Ann. 214, cited by our learned Brother, the proceedings in this court were aimed at the judgment of forfeiture alone; no attack was being made on the judgment in the suit in nullity, and the judgment in the latter suit was held to be res judicata of the attack upon the judgment of forfeiture. In the present case the attack is upon the judgment in the suit in nullity, and it stands to reason that that judgment cannot be res judicata of the present proceeding. No more than in a case of appeal, the judgment appealed from can be res judicata of the appeal.

Next it is suggested that, while the proceedings to perfect a criminal bond are criminal, a suit in nullity to set aside a judgment of forfeiture is purely civil, and that therefore the remedy of the relator in the present case was by appeal to the Court of Appeal; the amount of the judgment sought to be annulled being $500. The suggestion has no

129 La.—4

force. Action of nullity is a mode of reviewing the judgment of forfeiture, and appeal is another. The appeal in such a case is a criminal proceeding, and so, for like reason, the action of nullity is a criminal proceeding. The effect of the judgment of the Court of Appeal, had it sustained the action of nullity, would have been to set aside the forfeiture. The action to set aside the forfeiture—be it appeal or suit in nullity— necessarily follows the criminal nature of the forfeiture.

Finally it is said that the surety, having obtained the release of the accused by signing the bond, is now estopped from contesting the validity of the bond, and especially will not be allowed to do so while the accused is a fugitive from justice. These points were adversely passed on in several of the cases cited below.

For the reason assigned in the rule, the judgment of forfeiture is an absolute nullity. State v. Toups, 44 La. Ann. 896, 11 South. 524; State v. Balize, 38 La. Ann. 542; State v. Williams, 37 La. Ann. 200; State v. Wilson, 13 La. Ann. 288; State v. Smith, 12 La. Ann. 349; State v. Cravey, 12 La. Ann. 244; State v. Gilbert, 10 La. Ann. 532; State v. Clendennen, 6 La. Ann. 744; State v. Lougineau, 6 La. Ann. 700; State v. Simpson, 122 La. 309, 47 South. 622.

It is therefore ordered, adjudged, and decreed that the judgment rendered by the Twenty-Fifth judicial district court for the parish of Tangipahoa, on the 21st day of February, 1910, in the matter of State of Louisiana v. Walter Goss, No. 1,718 of the docket of the court, against B. B. Hughes, Sr., for the sum of $500, with interest, be and is hereby annulled and set aside.

### On Rehearing.

BREAUX, C. J. The Attorney General and his assistant filed an application for a rehearing.

The grounds are: That the attack upon the judgment in the action in nullity has been finally disposed of; that no attack whatever is now directed against that judgment; that a judgment rendered by a competent court, in an action for its nullity, is res judicata and a bar to a writ of certiorari in the Supreme Court to set aside the forfeiture.

That relator has no right to proceed via certiorari.

The respondent judge informs us that, on the 24th day of February, 1911, he rendered judgment denying the relief prayed for, refusing to set aside the judgment of forfeiture.

In the application for certiorari, relator attacks the forfeiture of a bond only; asks that it be set aside. Not the least reference is made to the judgment in nullity.

The petition for certiorari ignores entirely the judgment pronounced in the action for its nullity, and through that writ relator seeks to obtain a judgment as if the question had not previously been litigated to a finality.

Relator was plaintiff in a suit to set aside the judgment.

He cannot be heard to urge again the same grounds in other proceedings.

The present case is more favorable to the respondent than the case cited in 35 La. Ann. 214 (State ex rel. Marrero v. Judge, 35 La. Ann. 214), was to the respondent, in which the court held that the writ of certiorari will not issue when relator has brought an action in nullity.

Here the case is even stronger, for not only relator has heretofore proceeded in an action in nullity to annul the judgment. but a judgment has actually been rendered, which has become final and which is not before us for review.

Relator's contention at this point is that the decision in 35 La. Ann. 214 has been overruled by the decision rendered in State ex rel. Waller v. Justice of the Peace, 47 La. Ann. 27, 16 South. 565.

The facts in this case are not similar to those in the pending case.

In the last-cited case, the court held that if it appeared that the magistrate had rendered a judgment against relator, without giving him a hearing and without jurisdiction over the person of the defendant, who did not appear and answer, the judgment thus rendered will be annulled and avoided.

That being the state of facts, there was no res judicata, for no judgment can acquire the force of res judicata, rendered by a court which had no jurisdiction.

As the judgment was an absolute nullity, it was easily subject to collateral attack.

It was different in the pending case; the court had jurisdiction.

Learned counsel for relator in his brief states that he was under the impression that the judge of the district court, answering relator's demand in answer to the rule nisi, had not invoked as res judicata the proceedings and judgment of forfeiture of the bond.

He added, however, that the answer was not before him at the time that he wrote.

The trial judge does specially refer to the judgment signed by him in open court, on the 24th day of February, 1911, and states that it finally disposed of the issues and points to the record upon the subject.

The judgment on the forfeited bond, to which learned counsel refers, was rendered in February, 1910. This is the judgment to which the learned judge of the district court referred.

A writ timely taken would have brought up the issues for review in matter of the judgment in nullity.

The remedy would have been adequate.

There was another remedy, and it was through that remedy that the relief should have been sought.

The last judgment, now final, i. e., the

judgment dated February, 1910, embraced all the issues. They were merged in the action in nullity, and when plaintiff's demand was rejected in that case, whatever remedy he had was in that case.

The judgment cannot be left standing as res judicata; and the court go behind it and take up the judgment of forfeiture and pass upon the questions presented, and, if they should be found as heretofore, hold that the forfeiture itself is a nullity, while the judgment in the action in nullity remained as it was.

The relator was not entitled to two remedies, one via certiorari, and the other an action in nullity. He was entitled to one or the other, but not to both remedies.

One against whom a judgment has been rendered cannot call a prior judgment into activity and with authority contend that the prior judgment should be reviewed, and not the last, although it covers all the issues to the date that it was rendered.

It is decreed that the judgment heretofore handed down by this court in this case be annulled, avoided, and reversed. It is ordered, adjudged, and decreed that the rule nisi issued in the case be recalled and discharged, and that relator's demand be denied and rejected at relator's costs.

See dissenting opinion of PROVOSTY, J., 55 South. 725.